HEIRS OF JOAQUÍN RODRÍGUEZ, Petitioners, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., and the MANAGER OF THE STATE INSURANCE FUND, Respondents.

No. 153. Argued December 18, 1938.—Decided February 14, 1939.

*Virgilio Brunet,* for petitioners. *B. Fernández García, Attorney General, E. de Aldrey, Assistant Attorney General* and *Víctor J. Vidal González* (attorney for the State Fund), for respondents.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Section 18 of the Workmen's Accident Compensation Act (Laws of 1935, 252, 296) makes it obligatory upon certain employers to insure their workmen or employees in the State Insurance Fund. By the terms of section 25, the Manager of the State Fund is authorized, empowered and directed to assess and levy upon such employers "annual premiums" based on the total amount of wages during the preceding year. It provides for the collection of such premiums "semi-annually, in advance" and for the disposition to be made of the money so collected. It authorizes an extension of thirty days in case the employer should fail to pay the total amount of the premiums legally levied on him within the time fixed by the Manager. Payment is made "an indispensable requirement so that the Manager may make any insurance policy effective". Any employer who, prior to July 1st or January 1st of any year ceases to be subject to the provisions of the Act, "may be excused from the payment of premiums for the following semester or semesters by giving the notice and proof required by the Manager of the State Fund that he will not be subject to" such provisions. Every employer subject to the provisions of the Act must pay the premiums for the whole of a semester, but may be entitled to certain partial reimbursements. There is a proviso "that in such cases, reimbursements may be made at the expiration of the semester for which said premiums were paid".

Section 27 makes it the duty of every employer "to file with the Manager, not later than July 15 of each year, a duplicate statement, under oath, showing the number of workmen employed by said employer, the kind of occupation or industry of said workmen, and the total amount of wages paid to said workmen or industry during the preceding fiscal year". The premiums are to be computed "on the total amount of wages declared in said statement; *Provided,* That every employer employing workmen covered by this Act for any term or part of a semester shall file the aforesaid dupli-

cate statement under oath, showing the number of workmen or employees employed, the kind of occupation, and the estimated wages to be paid to said workmen or employees, and on such sum the premiums to be paid by the employer shall be computed; and upon the termination of the work of said workmen or employees the employer shall file a sworn statement like the one above mentioned, showing the total amount of wages paid, on which sum the corresponding liquidation shall be made; and if this payroll is greater than the previous one, the Manager shall assess and levy, and the Treasurer shall collect, as provided in this Act, additional premiums on the difference, in the same form as that hereinbefore prescribed.'' Failure to file such statements on the dates so specified is made a misdemeanor. ''Any district court, on motion of the Manager of the State Fund, shall order the employer to present the aforesaid statements within a peremptory term; and if he fails to present such statement, the disobedience to said order shall constitute contempt and shall be punished as such''. The last two paragraphs of section 27 read as follows:

''The insurance of each employer by the State shall be in force immediately after this payroll or duplicate statement has been filed in the office of the Manager of the State Fund, together with the amount of the premiums corresponding to the percentage of the wages declared in said statements, in accordance with the rates fixed by the Manager; *Provided,* That any accident that occurs before payment of said premiums is made shall be considered as a case of an uninsured employer, unless the employer pays within the term fixed by the Manager of the State Fund, in which case, the insurance shall begin to run from the date on which the employer filed the payroll or statement in the office of the Manager.

''On receipt of payment from an employer, the Manager of the State Fund shall forward to said employer the receipt for such payment, which receipt shall be *prima facie* evidence of said payment of the premium and of said employer's compliance with the provisions of this Act. Until such payment is made by the employer, he shall not be entitled to the immunities provided by this Act in regard to such injuries, diseases, or deaths as may be suffered by

the workmen or employees of such employer during the period covered by the payment of such premiums, and the workmen or employees of such employer shall not be entitled to the benefits granted by this Act when they suffer such injury, disease, or death, but they shall have the right to file such claims against the employer in accordance with the procedure established for cases of uninsured employers.''

An attorney-at-law, representing the heirs of Joaquín Rodríguez, addressed to the Manager of the Insurance Fund, a letter dated February 18, 1938, in which he enclosed a certificate of deposit to be applied in payment of the premium for the second semester of the fiscal year 1937–38. In this letter, the attorney stated that his clients had not paid the premium for the first semester because during that semester the Manager had declared them to be uninsured. The Manager was thus confronted with a question as to whether an employer who has not been insured during the first semester of a fiscal year and has not paid the premium for that semester, can obtain insurance for the second semester by payment of the premium for that semester only. The Manager took the matter under advisement and did not forward the receipt referred to in the final paragraph of section 27, *supra*. An accident occurred February 28, and was promptly reported by the Rodríguez heirs. The claim was rejected by the Manager and his ruling was affirmed by the Commission. The Rodríguez heirs then moved for a rehearing on the following grounds:

(A) Because the Commission had erred in its construction of the sixth paragraph of section 27 of the Law when it held that an employer cannot insure his employees for less than a year.

(B) Because after expiration of the first semester of the fiscal year during which an employer was not insured, such employer, if he has violated the law, may incur the penalties specified in sections 16 and 17, but the premium cannot be collected without giving effect to the policy.

(C) Because on acceptance of the premium paid by the employer to be applied to the second semester, the contract of insurance was perfected.

(D) Because the Commission, by holding the employer to be uninsured and condemning the employer to payment of indemnity to the workmen, by holding that in addition to such indemnity, the employer must pay the premium without any right to the protection of the policy, had deprived the employer of his property without due process of law.

(E) Because the Manager of the Insurance Fund, by his acceptance of the premium for the second semester, was estopped to deny acceptance of such payment, and the policy went into effect February 18th.

(F) Because the commission erred in holding that the quotas are imposed by the year and not by semesters.

(G) Because the commission had decided that an employer, in addition to his direct liability to the workmen, as an uninsured employer, must pay a premium for the year 1937–38, notwithstanding the fact that the Manager cannot collect premiums without furnishing protection.

The motion for rehearing was overruled. The assignment of errors covers substantially the same grounds as did the motion for rehearing.

We quite agree with the commission that there was no satisfactory showing as to an acceptance of the attempted payment of a premium for the second semester. Hence, there was no contract and no estoppel.

We also concur in the conclusion reached by the Manager of the Insurance Fund and by the Commission to the effect that (subject to the exception with reference to employers who employ workmen temporarily for part of a semester only as provided in section 27) what the law contemplates is an annual premium payable semi-annually, and that, in the case of the ordinary employer who does not employ his workmen periodically but throughout the year, the insurance Manager is not authorized to accept payment of a premium for insurance to cover the second semester only of any fiscal year.

The brief for appellants fails to satisfy us that they were condemned by the commission to pay the amount specified in the certificate of deposit or that they were deprived of their property without due process of law.

What we have said disposes of the present appeal.

The decision of the Industrial Commission must be affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.